UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ERIC L. GRIFFIN,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>LOS ANGELES SHERIFFS COUNTY JAIL,<br><br>　　　　Respondent. | No. 2:22-cv-03012-PA-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

## I.

## INTRODUCTION

On May 4, 2022, Petitioner Eric L. Griffin ("Petitioner"), a pretrial detainee at North County Correctional Facility ("North County"), proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Dkt. 1 ("Petition" or "Pet."). The Court has reviewed the Petition consistent with its authority under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") and finds that the Petition suffers from several defects. The Court therefore orders Petitioner to show cause why this action should not be dismissed.

## II.
## DISCUSSION

District courts are required to "promptly examine" all federal habeas petitions brought under 28 U.S.C. § 2254 and, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief," the "judge must dismiss the petition[.]" Habeas Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005). Here, the Petition suffers from the following defects: (1) Petitioner has failed to allege any federal grounds for relief; (2) the Court must abstain from intervening in Petitioner's ongoing state criminal case; (3) Petitioner has failed to name the proper respondent; and (4) Petitioner has not filed a compliant request to proceed in forma pauperis.

**A.     Petitioner has Failed to Allege Any Grounds for Relief**

First, the Petition is subject to dismissal because Petitioner has not asserted any cognizable federal claims. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991); Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."). The Habeas Rules require a statement of all grounds for relief and the facts supporting each ground, and the petition should state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. See Habeas Rule 2(c); Habeas Rule 4, Advisory Committee Notes to 1976 Adoption; Felix, 545 U.S. at 655; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (as amended). Allegations in a petition that are vague, conclusory, palpably incredible, or unsupported by a statement of specific facts, are insufficient to warrant relief, and are subject to summary dismissal. See Jones v. Gomez, 66 F.3d 199, 204-

05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Here, Petitioner has not identified a single ground for relief. He did not complete the section of the form habeas petition requiring him to identify his grounds for relief (Pet. at 5) and did not otherwise describe his claims. Instead, he merely checked the box on the form habeas petition indicating that the Petition concerns an issue "other" than a conviction, prison discipline, or parole problem, without any explanation. Id. at 2. Thus, it is unclear what claims Petitioner seeks to pursue. Accordingly, the Petition falls short of the minimal clarity required to proceed.

**B.   *Younger* Abstention Appears Warranted**

Petitioner is facing multiple criminal charges in Los Angeles County Superior Court. Pet. at 2; Los Angeles County Superior Court, Case No. LA096402, at https://www.lacourts.org (reflecting that the case is pending).[1] To the extent Petitioner requests that this Court intervene in his ongoing state criminal proceeding, Younger abstention is warranted.

Comity and federalism require federal courts to abstain from intervening in pending state criminal proceedings absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-45 (1971). Younger abstention is warranted when: (1) the state court proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the state proceeding provides an adequate opportunity to raise constitutional challenges; and (4) the requested relief

---

[1] Courts may take judicial notice of the existence of court filings and another court's orders. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

"seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceeding. Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (citation omitted). In such circumstances, federal district courts should abstain from intervening in the ongoing state criminal proceeding absent extraordinary circumstances. See, e.g., Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435-37 (1982); (absent a showing of "bad faith, harassment, or some other extraordinary circumstance," federal courts should abstain from interfering in ongoing state judicial proceedings); Kugler v. Helfant, 421 U.S. 117, 130 (1975) (explaining that Supreme Court precedent establishes that "at least in the absence of 'extraordinary circumstances' federal courts must refuse to intervene in state criminal proceedings to suppress the use of evidence claimed to have been obtained through unlawful means").

Here, all of the Younger criteria are present. First, Petitioner's state criminal proceeding is ongoing as reflected in the Petition and the superior court's on-line case information summary. Second, a state's task of enforcing its laws against socially harmful conduct is "important and necessary," Younger, 401 U.S. at 51-52, and as such, the state proceeding implicates important state interests. Third, as the superior court proceeding is ongoing and appellate remedies remain available, Petitioner has an adequate state forum in which to pursue his claims. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Fourth, a ruling by this Court in Petitioner's favor could have the practical effect of enjoining the ongoing state proceeding. Finally, no "extraordinary circumstances" exist to overcome the abstention. See Middlesex Cty. Ethics Comm., 457 U.S. at 435-37. As such, Younger abstention is warranted.

## C. Other Defects

The Petition also suffers from at least two other defects.

First, Petitioner has failed to name the appropriate respondent. The proper respondent for a habeas petition is the petitioner's "immediate custodian." See Brittingham v. United States, 982 F.2d 378, (9th Cir. 1992) (per curiam). Where a state pretrial detainee brings a federal habeas petition, the Sheriff is the proper respondent. Devaughn v. Cooley, 2009 WL 224060, at *2 (C.D. Cal. Jan. 29, 2009). The Ninth Circuit has held that the failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended); Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (as amended). Here, Petitioner purports to name the "Los Angeles Sheriffs County Jail," not the Sheriff of Los Angeles County, as required.

Second, Petitioner did not pay the $5 filing fee for a federal habeas petition (see 28 U.S.C. § 1914(a)) and did not alternatively file a completed application to proceed without prepayment of the filing fee ("IFP Application") as required by 28 U.S.C. § 1915. The Clerk is directed to send Petitioner a form IFP Application by a person in custody, which Petitioner is required to prepare in full, and obtain any necessary information and certification from staff at the facility where he is incarcerated if he wishes to proceed without prepayment of the filing fee. To the extent Petitioner contends North County staff have "refus[ed] to fill out" the application (Pet. at 11), Petitioner shall provide specific details regarding his efforts to obtain the required certification in any response to this Order.

## III.

## CONCLUSION AND ORDER

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed

without prejudice by filing a written response by **no later than thirty (30) days from the date of this Order** which sets forth any valid legal and/or factual reasons why the Petition should not be dismissed.

<u>Alternatively</u>, Petitioner may voluntarily dismiss this action by signing and returning the attached Notice of Dismissal under Federal Rule of Civil Procedure 41(a). <u>The Clerk also is directed to provide a Form Notice of Dismissal with this Order.</u>

Petitioner is cautioned that a failure to respond timely in compliance with this Order may result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. <u>See</u> Fed. R. Civ. P. 41(b).

Dated: May 10, 2022

/s/ John D. Early
_____
JOHN D. EARLY
United States Magistrate Judge